Nicola Moscatiello
vs.　　　　　W. C. A. No. 1332.
Queen Dyeing Co.

June 22, 1931.

BAKER, P. J. Heard on petition to review a final agreement.

The evidence shows that the petitioner was severely burned, more particularly on his left leg and right arm, while working for the defendant company early in December, 1930. He was treated at the hospital and eventually was discharged therefrom. He went back to work for the respondent the latter part of July, 1931, and did light work until early in October of the same year. In that month a final agreement was signed, which was approved as of November 23, 1931, and certain payments were made him for medical expenses and disability. He returned to work at his regular job in October, 1931, and continued doing that work until January 9, 1932. He was then transferred to another position and worked there until March 1, 1932, when he was discharged.

The petitioner contends that by reason of the burns he is unable to work, that his leg and arm are weak, that the leg becomes swollen, and that it is difficult for him to do heavy work and to stand long on his feet. He also urges that he did not understand the effect of the final agreement which he signed. Two physicians testified on his behalf and said that they did not believe he was now able to work. They did not treat him but have each examined him once at a comparatively recent date.

The defendant urges very seriously that the facts themselves show that the petitioner is capable of work and that he has not sustained the burden of proof which the bringing of this petition casts upon him. A physician gave evidence for the defendant that in his judgment the petitioner could do any reasonably heavy labor. The evidence in regard to swelling of the petitioner's foot was somewhat conflicting.

A consideration of the testimony presented leads the Court to believe that the petitioner is now capable of work. He appeared to the Court to be a rather ignorant and somewhat suspicious man but it is satisfied that he

understood with reasonable certainty the papers he signed and the effect thereof. The weight of the evidence would tend to show that they were explained to him.

The fact that the petitioner actually did work for the defendant from the latter part of July, 1931, to the first of March, 1932, seems to the Court quite conclusive of the question presented here for determination. It would appear that in October, 1931, he was given back his old job at his own request. He was transferred to another position in January, 1932, not because he was unable to perform his other duties, nor at his solicitation, but on account of curtailment in the defendant's plant. It later developed that he did not understand and was unable to perform satisfactorily the job given him in January, 1932, and for that reason he had to be discharged in March of that year because there was no other position open to him. In other words, the Court is of the opinion that he is now out of work for economic causes and not because he is unable to labor.

For the reasons above indicated, in the judgment of the Court the petition should be dismissed.

For petitioner: Charles B. Coppen.

For respondent: Clifford A. Kingsley.